IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TONY POINDEXTER                                                                                    PLAINTIFF

v.                                      NO. 3:14-cv-00079 JTR

CAROLYN W. COLVIN, Acting Commissioner                              DEFENDANT
of the Social Security Administration

MEMORANDUM OPINION AND ORDER

Plaintiff, Tony Poindexter ("Poindexter"), has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties have filed Appeal Briefs (*docs. 11 and 12*), and the issues are now joined and ready for disposition.

Poindexter argues that the ALJ's findings are not supported by substantial evidence on the record as a whole.[1] Poindexter specifically contends that his residual functional capacity was not properly assessed, and he advances two reasons why it was not. He first maintains that he cannot perform the standing, walking, or sitting

---

[1] The question for the Court is whether the ALJ's findings are supported by substantial evidence on the record as a whole. "Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision." See Boettcher v. Astrue, 652 F.3d 860, 863 (8th Cir. 2011).

requirements of light work, which the ALJ found he is capable of performing. Second, Poindexter maintains that his subjective complaints regarding his work-related limitations were not properly evaluated because the ALJ discounted them simply because they were inconsistent with the medical evidence.

The ALJ is required to assess the claimant's residual functional capacity, which is a determination of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004). It is made using all of the relevant evidence in the record but must be supported by some medical evidence. See Wildman v. Astrue, 596 F.3d 959 (8th Cir. 2010). As a part of making the assessment, the ALJ must evaluate the claimant's subjective complaints. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). The ALJ does so by considering the medical evidence as well as evidence relating to such matters as the claimant's daily activities; the duration, frequency, and intensity of his pain; the dosage, effectiveness, and side effects of his medication; precipitating and aggravating factors; and functional restrictions. See Id.

The ALJ found that Poindexter has severe impairments in the form of back pain, gastro-esophageal reflux disease, anxiety, depression, and pancreatitis. The ALJ assessed Poindexter's residual functional capacity and found that although he experiences "mild to moderate pain," he can perform light work. See Transcript at 15.[2] In so finding, the ALJ gave some consideration to Poindexter's subjective complaints.

---

[2] The ALJ found that Poindexter's non-exertional impairments cause additional work-related limitations. Poindexter does not challenge the assessment made of his mental residual functional capacity.

Substantial evidence on the record as a whole supports the ALJ's assessment of Poindexter's residual functional capacity. Specifically, substantial evidence on the record as a whole supports the ALJ's finding that Poindexter can perform the standing, walking, or sitting requirements of light work. Substantial evidence on the record as a whole also supports the ALJ's evaluation of Poindexter's subjective complaints. Although the ALJ's evaluation of his complaints was not exhaustive, it was adequate.

With respect to Poindexter's ability to perform the standing, walking, or sitting requirements of light work, the Court notes that light work involves, among other things, a good deal of standing, walking, or sitting most of the time. See 20 C.F.R. 404.1567(b). In Frankl v. Shalala, 47 F.3d 935, 937 (8th Cir. 1995), the Court of Appeals observed that "[l]ight work requires that a claimant be capable of standing or walking for a total of six hours out of an eight-hour workday."

The medical evidence reflects that Poindexter was seen at the Five Rivers Medical Center on three occasions between October of 2010 and May of 2012. See Transcript at 231-330, 335-347, 405-414. Although he presented complaining of problems unrelated to his ability to stand, walk, or sit, the findings and observations of the medical staff shed some light on his ability to perform those activities. The staff found that he had a full range of motion in his extremities, see Transcript at 243, 411; ambulated independently, see Transcript at 249, 339; and performed his activities of daily living independently, see Transcript at 411.

The medical evidence reflects that Dr. Roger Troxel, M.D., ("Troxel") saw

Poindexter on nine occasions between October of 2010 and December of 2012 for various complaints. See Transcript at 349, 350, 351, 352, 364, 420, 447, 448, 449. Troxel diagnosed, among other things, osteoarthritis, pancreatitis, and chronic pain, and prescribed medication. It is difficult to glean much from his progress notes, but Troxel did repeatedly stress the importance of diet and exercise.

The medical evidence reflects that Poindexter was seen at St. Bernard's Medical Center in August of 2012 for his complaints of weakness, passing out, and swelling. See Transcript at 435-444. Edema and muscle weakness were diagnosed. He nevertheless reported no musculoskeletal symptoms, and an examination of his extremities revealed a normal range of motion.

The medical evidence reflects that Dr. Terry Hunt, M.D., ("Hunt") saw Poindexter on two occasions in August of 2012 for his complaints of abdominal pain. See Transcript at 423-425, 426-429. Hunt diagnosed pancreatitis and a liver disorder. Hunt observed, though, that Poindexter had no tingling or numbness and "no gait abnormalities." See Transcript at 423, 426.

The medical evidence reflects that, in February of 2012, Dr. Charles Friedman, M.D., ("Friedman") reviewed Poindexter's medical records. See Transcript at 355-362. Friedman opined that Poindexter could stand, walk, or sit for a total of about six hours in an eight-hour workday and was capable of performing light work. Friedman's opinion was subsequently affirmed by Dr. Sharon Keith, M.D. See Transcript at 402.

The medical evidence also reflects that, in March of 2012, Dr. Samuel Hester,

Ph.D., ("Hester") performed a mental diagnostic evaluation of Poindexter. See Transcript at 365-374. Although the bulk of Hester's findings were understandably limited to assessing Poindexter's mental status, Hester did make findings that were germane to Poindexter's physical status. Hester diagnosed, among other things, a pain disorder associated with both medical and psychological factors and noted the following: "It is reportedly [Poindexter's] physical pain that keeps him from remaining employed." See Transcript at 372.

With respect to the non-medical evidence, Poindexter testified that he cannot walk "a long ways," cannot sit "very long," can only bend forward "a little bit," and can neither run nor jump. See Transcript at 33-34. He testified that he cannot lift and carry more than twenty pounds and cannot push and pull "things like a grocery cart." See Transcript at 34. He additionally testified that he can "kind of kneel" and "probably get down slow" but otherwise cannot balance, climb, stoop, or crawl. Poindexter testified that a normal day consists of eating breakfast so that he can take his medication, going outside to feed his chickens, walking around to get "a little exercise," calling his mother and grandmother, cooking his own food, and doing some simple household chores. See Transcript at 31-32.[3] Poindexter testified that he takes anti-inflammatory medication for his pain. See Transcript at 31.

The aforementioned evidence is unremarkable, and the ALJ could and did so find.

---

[3] Poindexter's girlfriend completed a third-party function report in which she attested to his restricted daily activities. See Transcript at 166-175.

The ALJ could and did find that Poindexter is capable of performing the standing, walking, or sitting requirements of light work. He repeatedly demonstrated a normal range of motion and was even encouraged to exercise more. Although he testified that he has walking and sitting restrictions, the ALJ could and did discount the testimony.

Poindexter contends that "Hester concluded … it was Poindexter's physical pain, as opposed to [his] mental impairments, … keeping him from working[.]" See Document 11 at 4. The central problem with this contention is that Poindexter has mischaracterized Hester's observation. Hester's note makes it clear that he was merely recorded *Poindexter's characterization* of his pain: "reportedly" Poindexter's physical pain keeping him from working. See Transcript at 372.

The ALJ incorporated the opinions of the state agency physicians into the assessment of Poindexter's residual functional capacity, and the ALJ did not err in doing so. Although their opinions are not entitled to great weight, their opinions are entitled to some weight. See Anderson v. Heckler, 738 F.2d 959 (8th Cir. 1984) (consulting physician's opinion given limited weight). There is no evidence the ALJ gave their opinions inappropriate weight.

With respect to the ALJ's evaluation of Poindexter's subjective complaints, the Court notes that the ALJ is not required to explicitly discuss each Polaski v. Heckler factor. See Strongson v. Barnhart, 361 F.3d 1066 (8th Cir. 2004). "It is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints." See Id. at 1072.

The ALJ acknowledged the Polaski v. Heckler factors and acknowledged his obligation to evaluate Poindexter's subjective complaints in light of those factors. See Transcript at 11-12. The ALJ considered the medical evidence, and his consideration of it was not improper. He could and did find that it was unremarkable and did not support Poindexter's complaints of disabling pain. Although osteoarthritis, pancreatitis, and abdominal pain were diagnosed, there is little evidence the impairments give rise to disabling pain.

The Court is not persuaded that the ALJ discounted Poindexter's subjective complaints simply because they were inconsistent with the medical evidence. The ALJ considered the non-medical evidence and could and did find that it too was unremarkable. The ALJ accurately summarized Poindexter's daily activities, noting the following: "As for daily activities, the claimant testified it depended on whether he had slept well or not, but he fixed breakfast and ate, took medication, fed chickens, exercised, called his grandmother each day and tried to help with household chores." See Transcript at 16. See also Transcript at 31-32, 178-183. The ALJ additionally noted that Poindexter had a driver's license, lived with his sixteen-year-old son, and occasionally lived with his fifteen-year-old daughter. See Transcript at 16.

The ALJ also accurately summarized Poindexter's use of pain medication, noting that he takes "Mobic pain medication" and over-the-counter medication. See Transcript at 16. The ALJ did not opine whether the medication helps Poindexter's pain, and the record is silent as to whether the medication helps his pain.

The ALJ gave little mention to the other Polaski v. Heckler factors, e.g., duration, frequency, and intensity of pain; precipitating and aggravating factors; and functional restrictions, but he did not commit reversible error in doing so.[4] The evidence relevant to those factors is minimal and does not support Poindexter's assertion of disabling pain. It is telling that he made little mention of his pain while testifying during the administrative hearing. See Transcript at 28-37. The only real mention he made was that his arms are numb and burn, symptoms he attributed to "pinched nerves." See Transcript at 37.

"The ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." See Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002). In this instance, the Court finds that Poindexter has not offered a legitimate reason for deviating from the aforementioned rule. The ALJ's credibility analysis, while not exhaustive, is not flawed, and his evaluation of the evidence is one of the acceptable evaluations permitted by the record.[5]

---

[4] Importantly, the Eighth Circuit has rejected the notion that the ALJ must explicitly discuss or make an express finding as to each of the *Polaski* factors. See Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005) (no error in ALJ's credibility analysis where ALJ made an express credibility finding and considered and discussed the *Polaski* factors). Stated differently, an ALJ need not "discuss each *Polaski* factor in a methodical fashion" where they are at least acknowledged and discussed before discounting a claimant's subjective complaints of pain. See Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir. 2006) (ALJ listed *Polaski* factors, stated he had considered them, and concluded that the objective medical evidence and record as a whole were inconsistent with claimant's subjective complaints). Even the ALJ's failure to cite *Polaski* will not necessarily invalidate the ALJ's credibility analysis. See Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007).

[5] Two concluding points are in order. First, the Commissioner devoted three pages of her brief to addressing Poindexter's mental impairments and their impact on his residual functional capacity. See Document 12 at 8-10. The Court is not convinced that Poindexter is challenging the assessment made of his mental residual functional capacity; he is only challenging the assessment made of his physical

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. See Vandenboom v. Barnhart, 421 F.3d 745, 749 (8th Cir. 2005). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that a "reasonable mind would accept as adequate to support the Commissioner's conclusion" in this case. Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is DISMISSED, WITH PREJUDICE.

IT IS SO ORDERED this 31st day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

residual functional capacity. To the extent he is challenging the assessment made of his mental residual functional capacity, the Court concludes that it is supported by substantial evidence. The ALJ could and did credit the opinions of Hester and the state agency psychologists and find that Poindexter is capable of performing work that is simple, easily learned, and unskilled.

Second, Poindexter maintains that a flawed assessment of his residual functional capacity was used as a basis for the ALJ's hypothetical question to a vocational expert. The Court cannot agree. Substantial evidence on the record as a whole supports the ALJ's assessment of Poindexter's residual functional capacity, and the ALJ used that assessment in crafting the question. See Transcript at 37-39.